IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYNCHVIEW TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-723 (VAC) (SRF) |
| | ) | |
| ATLANTIC BROADBAND FINANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Atlantic Broadband Finance, LLC ("ABB" or "Defendant") submits this Answer, Affirmative Defenses, and Counterclaims to the Complaint filed by SynchView Technologies, LLC ("SynchView" or "Plaintiff"). Except to the extent expressly admitted, ABB denies each and every allegation of the Complaint. The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Complaint, and the headings from the Complaint are included for convenience.

## THE PARTIES

1. ABB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and therefore denies them.

2. ABB denies the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. ABB admits that the Complaint purports to state a claim under the patent laws of the United States and otherwise denies the allegations in Paragraph 3.

4. For the purposes of this action only, ABB admits that the Court has personal jurisdiction over ABB in this matter and otherwise denies the allegations in Paragraph 4.

5. ABB admits that venue is proper in this Court, although not necessarily convenient or the only proper forum, and otherwise denies the allegations in Paragraph 5.

## FACTUAL BACKGROUND

6. To the extent paragraph 6 suggests the ’882 Patent is valid and enforceable, ABB denies this allegation. ABB otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore denies them.

7. ABB admits that Exhibit A appears to be a copy of the referenced ’882 Patent.

8. ABB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them.

9. ABB lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

10. ABB denies the allegations in Paragraph 10.

## SUBJECT MATTER OF THE ‘882 PATENT

11. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies them.

12. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them.

13. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise denies the allegations in Paragraph 13.

14. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise denies the allegations in Paragraph 14.

15. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise denies the allegations in Paragraph 15.

16. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise denies the allegations in Paragraph 16.

17. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise denies the allegations in Paragraph 17.

18. ABB denies the allegations in Paragraph 18.

19. ABB admits that Claim 1 of the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB denies the allegations in Paragraph 19 to the extent Paragraph 19 suggests that Claim 1 is valid, enforceable, or infringed.

20. ABB admits that Claim 19 of the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB denies the allegations in Paragraph 20 to the extent Paragraph 20 suggests that Claim 19 is valid, enforceable, or infringed.

21. ABB denies the allegations in Paragraph 21.

22. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise denies the allegations in Paragraph 22.

23. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise denies the allegations in Paragraph 23.

24. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise denies the allegations in Paragraph 24.

25. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise denies the allegations in Paragraph 25.

26. ABB denies the allegations in Paragraph 26.

27. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise denies the allegations in Paragraph 27.

28. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise denies the allegations in Paragraph 28.

29. ABB denies the allegations in Paragraph 29.

30. ABB admits that the ’882 Patent contains the quoted language, and ABB further states the ’882 Patent speaks for itself. ABB otherwise denies the allegations in Paragraph 30.

31. ABB denies the allegations in Paragraph 31.

## COUNT I

32. ABB incorporates by reference its responses to the preceding paragraphs.

33. ABB denies the allegations in Paragraph 33.

34. ABB denies the allegations in Paragraph 34.

35. ABB admits that Exhibit B appears to be a copy of the referenced claim chart. ABB otherwise denies the allegations in Paragraph 35.

36. ABB denies the allegations in Paragraph 36.

37. ABB denies the allegations in Paragraph 37.

38. ABB denies the allegations in Paragraph 38.

39. ABB denies the allegations in Paragraph 39.

40. ABB denies the allegations in Paragraph 40.

41. ABB denies the allegations in Paragraph 41.

## COUNT II

42. ABB incorporates by reference its responses to the preceding paragraphs.

43. ABB denies the allegations in Paragraph 43.

44. ABB denies the allegations in Paragraph 44.

**[PLAINTIFF'S] JURY DEMAND**

45. Plaintiff's jury demand requires no response.

**[PLAINTIFF'S] PRAYER FOR RELIEF**

ABB denies that Plaintiff is entitled to any relief or recovery whatsoever and therefore denies each and every allegation or prayer contained in Plaintiff's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

ABB asserts the following affirmative defenses. By asserting these defenses, ABB does not intend to take on burdens of proof that it would not otherwise have, does not reduce or remove Plaintiff's burden of proof on its affirmative claims, and reserves the right to assert any additional defense to Plaintiff's claims as they become known during the course of this litigation.

1. The Complaint and each count thereof fail to state a claim or cause of action upon which relief can be granted.

2. ABB does not infringe, and has not infringed, either directly or indirectly, or through any other theory of infringement, any valid claim of the '882 Patent.

3. The claims of the '882 Patent are invalid and unenforceable due to failure to comply with the patent laws including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

4. Plaintiff's damages for infringement are barred, or otherwise limited, by 35 U.S.C. §§ 286, 287, and 288.

5. Plaintiff is estopped, based on statements, representations, and admissions made during the prosecution of the patents-in-suit, from asserting any interpretation of the claims

inconsistent with those statements, representations, and admissions in an attempt to cover the accused products, processes, or methods.

6. Plaintiff is barred from enforcing any of the claims of the asserted patents against ABB by at least one of the equitable doctrines of waiver, laches, and estoppel.

## RESERVATION OF RIGHTS

ABB reserves the right to add any additional defenses that may be revealed, in whole or in part, in discovery.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

ABB states as follows for its Counterclaims against Plaintiff:

1. ABB is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in Massachusetts.

2. Upon information and belief, based on the allegations in the Complaint, SynchView is a limited liability company organized and existing under the laws of the State of Georgia, with a principal place of business in Georgia.

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331 and 1338.

4. SynchView has consented to personal jurisdiction in this Court and this matter by instituting the underlying suit against ABB in this Court.

5. Based solely on SynchView's filing of this action, venue is proper in this District, although not necessarily convenient or the only proper forum, pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**Allegations Common to All Counts**

6. SynchView alleges that it is the owner of U.S. Patent No. 6,788,882 ("the '882 Patent").

7. SynchView has accused ABB of infringing the '882 Patent.

8. Based at least on SynchView's filing of this action and allegations of infringement, an actual controversy has arisen and now exists between the parties as to whether ABB infringes or has infringed the '882 Patent, and as to whether the '882 Patent is valid.

**COUNT I**
**Declaratory Judgment of Non-Infringement of the '882 Patent**

9. ABB incorporates by reference the preceding paragraphs of its Counterclaims.

10. Based at least on SynchView's assertion of the '882 Patent against ABB, there is an actual, substantial, and continuing justiciable controversy between ABB and SynchView regarding infringement of the '882 Patent.

11. ABB has not infringed and is not infringing any valid claim of the '882 Patent directly or indirectly, literally or under the doctrine of equivalents.

12. On information and belief, unless declaratory relief is granted, SynchView will continue to allege that ABB has infringed or is infringing the '882 Patent, and will continue to threaten to prosecute, or continue to prosecute, litigation alleging such infringement.

13. For at least these reasons, ABB is entitled to entry of a declaratory judgment that ABB has not infringed, and does not infringe, the '882 Patent.

**COUNT II**
**Declaratory Judgment of Invalidity of the '882 Patent**

14. ABB incorporates by reference the preceding paragraphs of its Counterclaims.

15. Based at least on SynchView's assertion of the '882 Patent against ABB, there is an actual, substantial, and continuing justiciable controversy between ABB and SynchView regarding the validity and enforceability of the '882 Patent.

16. The claims of the '882 Patent are invalid and therefore unenforceable under the patent laws including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

17. For at least these reasons, ABB is entitled to entry of a declaratory judgment that the '882 Patent is invalid.

## **Prayer for Relief**

WHEREFORE, Atlantic Broadband Finance, LLC requests that the Court enter judgment in favor of Atlantic Broadband Finance, LLC and against SynchView Technologies, LLC, as follows:

A. Dismissing the Complaint with prejudice, and barring SynchView from any relief;

B. Holding that SynchView is not entitled to any relief, whether legal, equitable, or otherwise, arising from its suit against ABB;

C. Declaring that ABB does not infringe, either directly or indirectly, any of the asserted claims of the '882 Patent;

D. Declaring that the asserted claims of the '882 Patent are invalid;

E. Declaring that this is an exceptional case under 35 U.S.C. § 285;

F. Awarding ABB its reasonable costs, expenses, and attorneys' fees in connection with this action; and

G. Granting such other and further relief to ABB as the Court may deem just and proper.

**Demand for Jury Trial**

ABB demands a jury trial on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

---

Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
araucci@mnat.com

*Attorneys for Defendant*
*Atlantic Broadband Finance, LLC*

OF COUNSEL:

Richard L. Brophy
Zachary C. Howenstine
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite #1800
St. Louis, MO 63105
(314) 621-5070

Miranda M. Sooter
ARMSTRONG TEASDALE LLP
2345 Grand Blvd., Suite #1500
Kansas City, MO 64108
(816) 221-3420

August 20, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 20, 2018 upon the following in the manner indicated:

Stamatios Stamoulis, Esquire *VIA ELECTRONIC MAIL*
Richard C. Weinblatt, Esquire
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
*Attorneys for Plaintiff*
*SynchView Technologies, LLC*

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)