IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNCHVIEW TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br>ATLANTIC BROADBAND FINANCE, LLC,<br><br>Defendant. | C.A. NO. 18-723-CFC-SRF<br><br>**Jury Trial Demanded** |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff SynchView Technologies, LLC ("SynchView" or "Plaintiff") files this Answer to Defendant Atlantic Broadband Finance, LLC's ("Atlantic Broadband" or "Defendant") Counterclaims for Declaratory Judgment. The numbered paragraphs in this Answer correspond to the numbered paragraphs of Defendant's Counterclaims. Except to the extent expressly admitted, SynchView denies every allegation in the Counterclaims.

1. Upon information and belief, based on the allegations in the Counterclaims, SynchView admits that Defendant is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in Massachusetts.

2. SynchView admits that it is a limited liability company organized and existing under the laws of the State of Georgia, with a principal place of business in Georgia.

3. SynchView admits that Defendant's counterclaims arise under the patent laws of the United States, Title 35, United States Code, and that this Court has subject matter jurisdiction over Defendant's counterclaims under 28 U.S.C. §§ 1331 and 1338. To the extent Paragraph 3 of Defendant's Counterclaims contains additional allegations requiring a response, SynchView denies them.

4. SynchView admits that this Court has personal jurisdiction over SynchView with respect to this matter based on SynchView instituting suit against Defendant in this Court. To the extent Paragraph 4 of Defendant's Counterclaims contains additional allegations requiring a response, SynchView denies them.

5. SynchView admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400. To the extent Paragraph 5 of Defendant's Counterclaims contains additional allegations requiring a response, SynchView denies them.

6. SynchView admits that it is the owner of U.S. Patent No. 6,788,882 ("the '882 patent"), and that it alleged that it owns the '882 patent in its Complaint against Defendant.

7. SynchView admits that it has accused Defendant of infringing the '882 patent.

8. SynchView admits that, based on its filing of this action and its allegations of infringement against Defendant, an actual controversy has arisen and now exists between the parties as to whether Defendant has infringed the '882 patent, and as to whether the '882 patent is valid. To the extent Paragraph 8 of Defendant's Counterclaims contains additional allegations requiring a response, SynchView denies them.

**Response to Count I: Defendant's Counterclaim for**
**Declaratory Judgment of Non-infringement of the '882 Patent**

9. SynchView incorporates by reference the preceding paragraphs of its Answer to Defendant's Counterclaims.

10. SynchView admits that, based on its assertion of the '882 patent against Defendant, there is an actual, substantial, and continuing justiciable controversy between Defendant and SynchView regarding infringement of the '882 patent. To the extent Paragraph

10 of Defendant's Counterclaims contains additional allegations requiring a response, SynchView denies them.

11. Denied.

12. SynchView admits that it alleges that Defendant has infringed the '882 patent, and is currently prosecuting litigation against Defendant alleging such infringement. To the extent Paragraph 12 of Defendant's Counterclaims contains additional allegations requiring a response, SynchView denies them.

13. Denied.

**Response to Count II: Defendant's Counterclaim for**
**Declaratory Judgment of Invalidity of the '882 Patent**

14. SynchView incorporates by reference the preceding paragraphs of its Answer to Defendant's Counterclaims.

15. SynchView admits that, based on its assertion of the '882 patent against Defendant in this action, there is an actual, substantial, and continuing justiciable controversy between Defendant and SynchView regarding the validity of the '882 patent. To the extent Paragraph 15 of Defendant's Counterclaims contains additional allegations requiring a response, SynchView denies them.

16. Denied.

17. Denied.

**Defendant's Prayer for Relief**

SynchView denies that Defendant is entitled to any relief or recovery and therefore denies each allegation in Defendant's Prayer for Relief, and denies that Defendant is entitled to any request contained in its Prayer for Relief.

**Demand for Jury Trial**

Defendant's jury demand requires no response.

This 10th day of September, 2018.

STAMOULIS & WEINBLATT LLC

*/s/Stamatios Stamoulis*
Stamatios Stamoulis #4606
Richard C. Weinblatt #5080
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Of Counsel:*

Daniel A. Kent
dankent@kentrisley.com
Tel: (404) 585-4214
Fax: (404) 829-2412
Stephen R. Risley
steverisley@kentrisley.com
Tel: (404) 585-2101
Fax: (404) 389-9402
Cortney S. Alexander
cortneyalexander@kentrisley.com
Tel: (404) 855-3867
Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2018, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

*/s/Stamatios Stamoulis*